

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,028-01

### EX PARTE TILTON JOSHUA ISAIAH MAPPS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1524810A IN THE 8TH DISTRICT COURT FROM HOPKINS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Mapps v. State*, No. 06-16-00156-CR (Tex. App. — Texarkana 2017) (not designated for publication) .

Applicant contends that his trial counsel rendered ineffective assistance for numerous reasons. Applicant alleges that trial counsel failed to object when Applicant was not present during critical stages of trial, and failed to object to *ex parte* meetings between the trial court and two

jurors.

Applicant alleges that trial counsel failed to advise him about the "confession and avoidance doctrine," and failed to advise him that if he testified that he was not present during the offense he could not have the jury consider whether he acted in self-defense.

Applicant alleges that trial counsel failed to request a mistrial when a venire member had an outburst that tainted the entire venire panel. Applicant alleges that trial counsel failed to request an instruction to disregard or a mistrial when it was noticed that a person seated in the gallery immediately in front of the jury was wearing a shirt with a large picture of the deceased on it.

Applicant alleges that trial counsel failed to request an instruction limiting the jury's consideration of extraneous offenses and bad acts.

Applicant alleges that trial counsel failed to file a motion to suppress evidence illegally seized from his cell phone. He alleges that trial counsel failed to object to improper victim impact testimony, failed to object to the State's gang expert on the basis that he was not qualified, failed to object when the prosecutor interjected his personal and religious beliefs during closing arguments, failed to ask that the jurors be re-admonished regarding their consideration of the application of parole law to Applicant's sentence, and failed to object when the State introduced evidence of the national gang problem and suggested that Applicant should be punished based on gang activities throughout the state and nation.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court

shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  October 24, 2018

Do not publish